STATE OF MINNESOTA *ex rel.* A. C. HOSPES *vs.* LUMBERMEN'S BOARD OF EXCHANGE.

June 15, 1885.

**Logs and Lumber—Surveyor appointed by Corporation.**—The person appointed by a corporation organized under Laws 1883, *c.* 138, to examine weights, scales, and measures, and to weigh, gauge, or inspect flour, produce, etc., may be authorized by the corporation to measure or scale logs afloat, and his certificate (if he be so authorized) of the measurement or scale of logs will be evidence between the members of the corporation, and between others assenting thereto, in the manner prescribed in the act.

Upon the information of the relator, alleging his appointment and qualification as surveyor general for the first district of the state, that the respondent, which was incorporated under Laws 1883, *c.* 138, has appointed and designated one Judson W. McKusick as its surveyor, and has undertaken to confer upon said McKusick authority to scale all logs in the first lumber district of the state; that the respondent has appointed a secretary for the purpose of keeping a rec-

ord of the scaling and measurement that may be made by said Mc-Kusick; that the respondent, through its officers and agents, has scaled and is constantly scaling logs in the St. Croix river and other waters in this state, is keeping records of the same for the purpose of furnishing copies thereof to its members and other persons, and refuses to allow the relator to scale logs owned or controlled by it, and that the franchises so exercised and assumed by the respondent are unauthorized, and are designed and operate to prevent the relator from discharging the duties imposed on him by law—a writ of *quo warranto*, directed to respondent, was issued from this court. The answer of the respondent denies that it has ever interfered with the relator in the performance of his duties, or has ever refused to permit him to scale logs owned or controlled by it; and admits the appointment of McKusick, but denies that it has attempted to confer upon him authority except such as is authorized by law. Testimony was taken by a referee and returned to this court, and thereupon the matter was argued and submitted.

*Searles, Ewing & Gail* and *J. N. & I. W. Castle,* for relator.

*Fayette Marsh* and *Clapp & McCartney,* for respondent.

GILFILLAN, C. J.[1] The act under which the respondent became incorporated (Laws 1883, c. 138) contains this provision, (§ 2:) "Said corporation shall have power to appoint one or more persons, as they may see fit, to examine weights, scales, and measures, to weigh, gauge or inspect flour, grain, produce, provisions, liquor, lumber, or any other article of produce or traffic commonly dealt in by the members of such corporation; and the certificate of such person or inspector as to the quality, *quantity*, grade, or condition of any such article, or the brand or mark upon it, or upon any package containing such article, or upon any car or other vehicle of transportation thereof, shall be evidence between the buyer and seller of the quantity, grade, quality, or condition of the same, or of any part of the same, and shall be binding upon the members of said corporation, or others interested and requiring or assenting to the use or employment of such weights, measures, gauges, scales, or inspectors. Nothing herein contained,

[1] Vanderburgh, J., was absent and took no part in this case.

however, shall compel the employment by any one of any such appointee, nor shall any person, not a member of such corporation, be held to have assented to the provisions of this section, or to the rules and by-laws of any such corporation, or the employment of any person or inspector named in this section, unless such assent shall have been in writing and subscribed by the party or person, or the agent of such party or person, to be affected thereby."

The question raised in this proceeding amounts to this: Can the person or inspector appointed by any such corporation measure or scale (as it is technically termed) logs afloat in the waters of the state, and furnish certificates (or scale bills) upon such measurements? It is hard to see how that can be doubted. He is authorized to give certificates of *quantity*, and that by implication gives him authority to measure, where measurement is necessary to ascertain the quantity. Certainly logs afloat may come within the description of "any other article of produce or traffic commonly dealt in by the members of such corporation."

An argument to exclude logs afloat from the operation of the act is made, that otherwise it is in conflict with the policy of the law in this state, as expressed in the chapter of General Statutes regulating the ownership and handling of and traffic in logs, and providing for the appointment of surveyors general to scale logs, and making their scale bills evidence. But whatever may be done by the person or inspector appointed by the corporation, it can in no way interfere with the duties or rights of the surveyor general. His certificate does not stand on the same footing as the scale bill of the surveyor general. The latter is official, and is *prima facie* evidence against everybody consenting or non-consenting, while the former is of no legal effect except by virtue of assent on the part of the person to be bound by it; assent which, in the case of members of the corporation, is given by their becoming such, and in case of others is given by writing. Without reference to this act, any persons interested in logs might agree to have them measured or scaled by any person whom they might choose, and there is nothing to prevent them binding themselves to abide by such measurement or scale, or agreeing upon what, as between them, should be the evidence of the same. Though the clause

we have quoted were out of the act, any two members of the corpo-
ration might so agree. In respect to this, the only new things in the
clause quoted are the powers given the corporation to select for its
members the person to make measurements for them, the provision as
to what shall be evidence of such measurement, and what, as to per-
sons not members, shall be evidence of their assent to be bound by
it. These provisions are not in conflict with the letter or spirit of
anything in the chapter of the General Statutes referred to.

The respondent is therefore entitled to judgment dismissing the
information. Let judgment be so entered.